KENNARD, J., Concurring.
Defendant was charged with murder after fatally stabbing her boyfriend during an argument. Defendant testified that she “thrust [a] knife at” the victim as he lunged at her, causing the knife to enter his chest, but the stabbing “wasn’t deliberate.”
The trial court instructed the jury on first and second degree murder. The court also instructed the jury on voluntary manslaughter, a lesser offense necessarily included within the greater crime of murder, based on two theories: that defendant killed her boyfriend in a sudden quarrel or heat of passion, and that she killed him in an unreasonable, but genuine, belief in the necessity of self-defense. The jury convicted defendant of second degree murder.
The Court of Appeal reversed the judgment, holding that the trial court should have instructed the jury on a third theory of voluntary manslaughter. In the Court of Appeal’s view, a killing without malice committed during an inherently dangerous assaultive felony is voluntary manslaughter, and here the jury could reasonably have concluded that the killing occurred during an assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)).[1] Today this court’s majority rejects that theory, holding that a killing done in this manner is not voluntary manslaughter. I agree. I write separately to set forth my views on a matter that, although not a ground on which this court granted review, is an important question closely connected to the facts of this case: Can an assault with a deadly weapon constitute an unlawful act that makes a killing occurring during the assault involuntary manslaughter? My answer is “yes.”
*972 I
As relevant here, involuntary manslaughter is statutorily defined as an unlawful killing that takes place “in the commission of an unlawful act, not amounting to felony.'” (§ 192, subd. (b), italics added.) Unquestionably, a killing during an assault with a deadly weapon is a killing “in the commission of an unlawful act.” But what about the statute’s immediately following phrase, “not amounting to felony?” Did the Legislature, through that wording, intend to preclude a conviction for involuntary manslaughter when the killing happens during any unlawful act that is a felony?[2] That is the issue I explore below.
The statutory phrase “not amounting to felony” has its origins in the common law, which is a “body of judge-made law . . . developed originally in England . . . .” (Garner, Dict. of Modern Legal Usage (2d ed. 1995) p. 177.) The phrase can be traced to the late 18th century, when Sir William Blackstone published his famous treatise, Commentaries on the Laws of England, which summarized English common law. (See People v. Stuart (1956) 47 Cal.2d 167, 173 [302 P.2d 5] [“Words such as ‘unlawful act, not amounting to felony’ have been included in most definitions of manslaughter since the time of Blackstone ....”]; see also People v. Wells (1996) 12 Cal.4th 979, 986 [50 Cal.Rptr.2d 699, 911 P.2d 1374] [same].)
Under that body of common law, a killing committed during a felony was murder (see Browne, Blackstone Commentaries on the Law (Gavit ed. 1941) p. 835 [“And if one intends to commit felony, and undesignedly kills a man, it is murder.”]; 1 Michie, A Treatise on the Law of Homicide (1914) p. 112 [“The mle of the common law is that when death occurs by the act of one who is in pursuit of an unlawful design, without any intention to kill, it will be either murder or manslaughter, according as the intended offense is a felony or only a misdemeanor.”]; 1 Warren on Homicide (1938) § 74, p. 320 [same]). Thus, the common law phrase “not amounting to felony” served to distinguish involuntary manslaughter from felony murder. That phrase eventually made its way into California’s involuntary manslaughter statute, as discussed below.
California’s first penal law was the Crimes and Punishments Act of 1850 (Act of 1850) (Stats. 1850, ch. 99, p. 229). Section 25 defined involuntary *973 manslaughter in these words: “Involuntary manslaughter shall consist in the killing of a human being, without any intent so to do; in the commission of an unlawful act, or a lawful act, which probably might produce such a consequence in an unlawful manner; Provided, that where such involuntary killing shall happen in the commission of an unlawful act, which in its consequences naturally tends to destroy the life of a human being, or is committed in the prosecution of a felonious intent, the offense shall be deemed and adjudged to be murder.” (Stats. 1850, ch. 99, § 25, p. 231.)
When the California Legislature thereafter, in 1872, enacted section 192 (defining both voluntary and involuntary manslaughter) as part of California’s first Penal Code, it replaced the above quoted concluding proviso in section 25 of the Act of 1850 with the phrase “not amounting to felony.” Recently, in People v. Chun (2009) 45 Cal.4th 1172 [91 Cal.Rptr.3d 106, 203 P.3d 425] (Chun), this court explained: “The proviso [in section 25] simply [made] clear that involuntary manslaughter does not include killings in the course of a felony, which remain murder. . . . The new section 192 merely simplified the definition of involuntary manslaughter by replacing the earlier proviso with the new language, ‘not amounting to felony.’ In this way, the Legislature avoided the awkwardness of having a broad definition of involuntary manslaughter followed by a proviso limiting that definition.” (Chun, supra, at p. 1186.)
Thus, when the 1872 Legislature defined involuntary manslaughter in section 192 as a killing occurring “in the commission of an unlawful act, not amounting to felony,” it must have meant that a killing during an unlawful act is involuntary manslaughter unless the unlawful act is the type of felony that turns the killing into the greater crime of murder. Numerous felonies are of this type: A killing during any of the felonies specified in section 189 (arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, and certain specified sex offenses) is first degree murder under the felony murder rule, and a killing during a nonassaultive felony that is inherently dangerous to life is second degree murder under the second degree felony-murder rule (see Chun, supra, 45 Cal.4th at pp. 1188, 1200). But the felony of assault with a deadly weapon is not listed in section 189’s enumerated felonies. Nor is that offense a nonassaultive felony inherently dangerous to fife; rather, it is an assaultive felony, to which, Chun said, the second degree felony-murder rule does not apply.[3] A killing during an assault with a deadly weapon can be murder if the prosecution proves that the defendant acted with malice *974 aforethought; but the circumstance that a killing occurs during an assault with a deadly weapon does not make the killing murder, because assault with a deadly weapon is not one of the felonies described above. It follows, therefore, that a killing during an assault with a deadly weapon is involuntary manslaughter.
Moreover, even if one were to assume that a killing during an assault with a deadly weapon is always murder, the killer could still be convicted of the lesser crime of involuntary manslaughter, because the phrase “not amounting to felony” in section 192’s subdivision (b) (describing involuntary manslaughter as a killing during an “unlawful act, not amounting to felony”) is not an element of involuntary manslaughter. On point here is this court’s decision in People v. Rios (2000) 23 Cal.4th 450 [97 Cal.Rptr.2d 512, 2 P.3d 1066]. That case construed section 192’s introductory sentence, which describes manslaughter as “the unlawful killing of a human being without malice.” (Italics added.) The italicized words, Rios said, do not constitute an element of manslaughter (whether voluntary or involuntary), and a defendant who kills with malice can nevertheless be convicted of manslaughter, because the words “without malice” merely describe the difference between manslaughter and murder (an unlawful killing without malice can only be manslaughter, while an unlawful killing with malice is also murder). (Id. at pp. 465, 469; see People v. Milward (2011) 52 Cal.4th 580, 587 [129 Cal.Rptr.3d 145, 257 P.3d 748] [holding that under Rios’s reasoning the phrase “other than a firearm,” as it appears in § 245’s subd. (a)(1), which describes the crime of “assault . . . with a deadly weapon . . . other than a firearm,” is not an element of that crime].)
Similarly, the phrase “not amounting to felony” in the involuntary manslaughter statute (§ 192, subd. (b)) simply describes the difference between involuntary manslaughter and murder, namely, that a killing during an unlawful act “not amounting to felony” is involuntary manslaughter, whereas a killing in the commission of certain felonies (see p. 973, ante) constitutes the greater crime of murder. Thus, the statutory phrase in question does not describe an element of involuntary manslaughter. Consequently, a killing committed during an unlawful act amounting to a felony is involuntary manslaughter, notwithstanding the appearance of the phrase “not amounting to felony” in section 192’s subdivision (b). Any other conclusion would lead to the absurdity that a defendant who killed in the commission of a less serious unlawful act (i.e., a misdemeanor) could be convicted of involuntary manslaughter, but a defendant who killed in the commission of a more serious unlawful act (i.e., a felony) could not.
*975 n
I now turn to a jury instruction issue. Because the defense here presented evidence from which the jury could have reasonably concluded that defendant lacked malice, but killed while committing an assault with a deadly weapon (see p. 971, ante), a jury instruction on involuntary manslaughter as a lesser offense necessarily included within the charged crime of murder would have been proper. The trial court, however, had no duty to give such an instruction on its own initiative, as explained below.
Ordinarily, a trial court must instruct the jury, even without a request, on any lesser included offense that “find[s] substantial support in the evidence.” (People v. Haley (2004) 34 Cal.4th 283, 312 [17 Cal.Rptr.3d 877, 96 P.3d 170].) This duty arises from the court’s obligation to “instruct on the general principles of law governing the case.” (People v. Flannel (1979) 25 Cal.3d 668, 681 [160 Cal.Rptr. 84, 603 P.2d 1].) But a trial court has no duty to instruct on a legal principle that has been so “obfuscated by infrequent reference and inadequate elucidation” that it cannot be considered a general principle of law. (Ibid.) That is the case here. Therefore, the trial court here had no duty to instruct the jury, on the court’s own initiative, on involuntary manslaughter, a lesser offense necessarily included in the charged crime of murder.

 All statutory citations are to the Penal Code.

 Assault with a deadly weapon is not a felony in its purest sense but a “wobbler,” an offense that, at the prosecutor’s discretion, can be charged as either a felony or a misdemeanor. For the purposes of my analysis here, however, I assume for the sake of argument that the term “felony” in the phrase “not amounting to felony” in section 192’s subdivision (b) includes wobblers. For if assault with a deadly weapon is regarded as a misdemeanor, it necessarily qualifies as “an unlawful act, not amounting to felony” under that subdivision, in which case a killing that occurs in the commission of such an offense is involuntary manslaughter, as explained in the text of this opinion.

 Although the second degree felony-murder rule “originally applied to all felonies” (Chun, supra, 45 Cal.4th at p. 1188), the law has evolved such that not every felony can support a murder conviction under the second degree felony-murder rule. This court held in Chun that the rule does not apply to assaultive felonies because of the “merger doctrine,” which originated in this court’s decision in People v. Ireland (1969) 70 Cal.2d 522 [75 Cal.Rptr. 188, 450 P.2d 580]. “The merger doctrine developed due to the understanding that the underlying *974 felony must be an independent crime and not merely the killing itself. Thus, certain underlying felonies ‘merge’ with the homicide and cannot be used for purposes of felony murder.” (Chun, supra, 45 Cal.4th at p. 1189.)