KENNARD, J.,
Concurring and Dissenting.—The majority holds that battery (Pen. Code, § 242; all unspecified statutory citations are to this code) is not a *407 lesser offense necessarily included within the crime of lewd conduct with a child younger than 14 years (§ 288, subd. (a)). I disagree, as in my view a lewd act on a child is always a battery. Nevertheless, I agree with the majority’s affirmance of the Court of Appeal’s judgment because, on the facts presented, no reasonable jury could have concluded that defendant committed only the lesser offense of battery, but not the greater offense of lewd conduct with a child.
I
On October 17, 2007, defendant Thomas Raymond Shockley was at a family party in Modesto, California, to celebrate the 10th birthday of Jane Doe, the stepdaughter of defendant’s adult daughter, Hannah. On this occasion, defendant kissed Jane on the lips, inserting his tongue into her mouth.
Two days later, defendant took Jane and her nine-year-old stepsister (Hannah’s daughter from a prior relationship) to a movie theater. On the drive home, Jane sat between defendant and her stepsister. Defendant put his arm around Jane’s shoulder and began rubbing her stomach. When Jane asked if she could steer the car, defendant told her to put her leg over his leg. Then, for about five minutes, while Jane’s hands were on the steering wheel, defendant rubbed her vaginal area with his hand outside her clothes.
When they got home, Jane and her stepsister went into Jane’s bedroom. Crying, Jane told her stepsister what had happened in the car. Jane then told her father, who called the police. Officer Scott Nelson questioned defendant. Defendant said that Jane could have thought that he kissed her with his mouth open because, when they were at the theater, defendant spilled soda on his face and, while he was licking off the soda with his tongue, Jane kissed him on the lips. Thereafter, on the drive home from the theater, defendant put his arm around Jane, poked her in the belly button, and rubbed her stomach. Defendant denied rubbing Jane’s vaginal area. Jane’s different version of the events, defendant said, could have been affected by the caffeine in the large coffee drink she had after the movie.
Defendant was charged with a single count of lewd conduct with a child younger than 14 years. (§ 288, subd. (a).) The jury found him guilty of the charge.
On appeal, defendant faulted the trial court for not instructing the jury on the court’s own initiative that battery (§ 242) is a lesser offense necessarily included within the crime of lewd conduct with a child. The Court of Appeal rejected that argument, as does this court’s majority, which disapproves a contrary holding by the Court of Appeal in People v. Thomas (2007) 146 *408 Cal.App.4th 1278, 1291-1293 [53 Cal.Rptr.3d 473]. I disagree with the majority, for the reasons given below.
II
If “ ‘a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.’ ” (People v. Milward (2011) 52 Cal.4th 580, 585 [129 Cal.Rptr.3d 145, 257 P.3d 748]; see People v. Birks (1998) 19 Cal.4th 108, 117 [77 Cal.Rptr.2d 848, 960 P.2d 1073].) The question here is: Can a defendant engage in lewd conduct with a child younger than 14 years without also perpetrating the lesser offense of battery? My answer is “no.”
Battery is statutorily defined as “any willful and unlawful use of force or violence upon the person of another.” (§ 242.) Thus, the crime of battery has two elements: (1) a use of force or violence that is (2) willful and unlawful. The first element is satisfied by any touching. (People v. Rocha (1971) 3 Cal.3d 893, 899, fn. 12 [92 Cal.Rptr. 172, 479 P.2d 372].) The second element of battery, willfulness and unlawfulness, is satisfied by any touching that is harmful or offensive. (People v. Pinholster (1992) 1 Cal.4th 865, 961 [4 Cal.Rptr.2d 765, 824 P.2d 571].)
Lewd conduct on a child has three elements: (1) a touching (2) of a child younger than 14 years (3) done with lewd intent. (§ 288, subd. (a).) Thus, the crime of lewd conduct requires a touching (battery’s first element) done with lewd intent. Lewd intent is the desire to “arous[e], appealf] to, or gratify [] the lust, passions, or sexual desires of [the molester] or the child . . . .” {Ibid.) Touching a child with lewd intent is always harmful or offensive (battery’s second element). “[Y]oung victims suffer profound harm whenever they are perceived and used as objects of sexual desire.” (People v. Martinez (1995) 11 Cal.4th 434, 444 [45 Cal.Rptr.2d 905, 903 P.2d 1037]; see J. C. Penney Casualty Ins. Co. v. M. K. (1991) 52 Cal.3d 1009, 1026 [278 Cal.Rptr. 64, 804 P.2d 689] [“Some acts are so inherently harmful that the intent to commit the act and the intent to harm are one and the same. . . . Child molestation is not the kind of act that results in emotional and psychological harm only occasionally.”].) Therefore, one who commits lewd conduct on a child necessarily commits the lesser offense of battery.
The majority has a contrary view, based on a novel theory. The opinion’s cursory analysis lacks clarity, but it appears to say the following.
Battery, according to the majority, can be divided into two categories: (1) battery committed by a harmful or offensive touching with lewd intent, and (2) battery committed by a harmful or offensive touching without lewd intent. *409 According to the majority, if a defendant is charged with lewd conduct and the evidence shows battery with lewd intent (the first category), the trial court need not instruct on the lesser offense of battery because there is no possibility that the defendant is guilty of battery but not lewd conduct. But, the majority says, if a defendant is charged with nonlewd conduct and the facts show a touching without lewd intent (the second category of battery), then the nonlewd harmful or offensive touching is a “distinct requirement” that “would not be included within the elements of lewd conduct.” (Maj. opn., ante, at p. 405.) Therefore, the majority concludes, neither category of battery is a lesser offense necessarily included within the crime of lewd conduct with a child. My criticism is twofold.
First, as noted earlier, in deciding whether a crime is a lesser offense necessarily included within another, the inquiry is whether the greater offense can be committed without also committing the lesser crime. (People v. Sanders (2012) 55 Cal.4th 731, 737 [149 Cal.Rptr.3d 26, 288 P.3d 83]; People v. Birks, supra, 19 Cal.4th at p. 117; People v. Pendleton (1979) 25 Cal.3d 371, 382 [158 Cal.Rptr. 343, 599 P.2d 649]; People v. Marshall (1957) 48 Cal.2d 394, 398 [309 P.2d 456]; People v. Greer (1947) 30 Cal.2d 589, 596 [184 P.2d 512].) That test was articulated by this court more than 65 years ago. Today, the majority devises a new test to reach its result. As part of this two-category test, described in the preceding paragraph, the majority concludes that in certain specified circumstances the trial court need not instruct on battery as a lesser included offense of lewd conduct (maj. opn., ante, at p. 405) and it holds, on that basis, that battery is not a lesser included offense of lewd conduct (maj. opn., ante, at p. 406). Thus, the majority confuses the standard for determining whether a trial court should instruct on a lesser included offense (see People v. Medina (2007) 41 Cal.4th 685, 700 [61 Cal.Rptr.3d 677, 161 P.3d 187]) with the standard for determining whether a crime is a lesser included offense. Does the new test replace the traditional test? If so, why? The majority offers no answers.
Second, the majority’s two-category test does not adequately address the possibility of conflicting evidence on whether a defendant’s conduct falls within one or the other category. For instance, what if the evidence at trial shows that a defendant committed an offensive touching of a child (a battery), but there is conflicting evidence on whether the touching was done with lewd intent? In this situation, the jury should not be deprived of its right to decide whether the defendant is guilty only of battery or of lewd conduct with a child as well. But under the majority’s test, the jury does not get to make this decision. If, as the majority says, battery is not a lesser included offense of lewd conduct with a child, the jury is given only two options: The jury can either convict the defendant of the charged crime of lewd conduct with a child, or it can acquit the defendant. This defeats the purpose for requiring instructions on lesser included offenses. As this court has explained: “Truth *410 may lie neither with the defendant’s protestations of innocence nor with the prosecution’s assertion that the defendant is guilty of the offense charged, but at a point between these two extremes .... A trial court’s failure to inform the jury of its option to find the defendant guilty of the lesser offense would impair the jury’s truth-ascertainment function.” (People v. Barton (1995) 12 Cal.4th 186, 196 [47 Cal.Rptr.2d 569, 906 P.2d 531].)
The majority’s response: When the evidence is “ambiguous enough that a jury might not find [lewd] intent, . . . [t]he prosecution would have discretion to charge both” battery and lewd conduct. (Maj. opn., ante, at p. 406.) But that is not a tactical decision for the prosecution to make. When, as here, a charged offense cannot be committed without also committing another, less serious crime, and the evidence is ambiguous as to which crime was committed, the jury should not be denied the opportunity to decide whether the defendant committed the more serious crime or only the lesser offense. As this court has observed, “[o]ur courts are not gambling halls but forums for the discovery of truth.” (People v. St. Martin (1970) 1 Cal.3d 524, 533 [83 Cal.Rptr. 166, 463 P.2d 390].)
Whether here the trial court, on its own initiative, was required to instruct the jury on the lesser offense of battery is discussed below.
Ill
A trial court must instruct on a lesser included offense only when reasonable jurors could conclude that the defendant committed only the lesser but not the greater offense. (People v. Medina, supra, 41 Cal.4th at p. 700.) Here, the prosecution relied on three acts to prove the lewd conduct charge against defendant: rubbing 10-year-old Jane Doe’s vaginal area, rubbing her stomach, and kissing her on the lips while inserting his tongue into her mouth. As I explain, those acts would not have provided a reasonable basis for the jury to conclude that defendant committed only battery, and not the greater offense of lewd conduct with a child.
As to rubbing Jane’s vaginal area, the only issue at trial was whether (as Jane testified) defendant did so, or whether (as defendant told the police) he did not—if defendant did, he indisputably acted with lewd intent, because there was no evidence that he had a nonsexual reason to touch Jane’s vaginal area. Thus, no reasonable juror could have concluded that rubbing Jane’s vaginal area constituted the lesser offense of battery and not the greater offense of lewd conduct with a child.
As to rubbing Jane’s stomach, if the jury determined that defendant did so with the requisite lewd intent, he would be guilty of both the greater offense *411 of lewd conduct and the lesser offense of battery. But if the jury found that defendant lacked such intent, he would be guilty of neither lewd conduct (because he lacked lewd intent) nor of battery (because there was no evidence that rubbing Jane’s stomach without lewd intent was either harmful or offensive).
As to the kissing, if the jury concluded that, as Jane had testified, defendant put his tongue in her mouth while kissing her, the jury would necessarily have found that defendant acted with the requisite lewd intent when he did this act and was thus guilty of the charged crime of lewd conduct with a child. This is because sticking one’s tongue in the mouth of the person being kissed is so inherently sexual in nature that no reasonable jury would conclude that defendant lacked lewd intent if he did that act. But if the jury concluded that, as defendant had told the police, Jane kissed him while he was licking soda off his lips and he did not put his tongue in Jane’s mouth, then no reasonable jury could have found that defendant touched Jane in a harmful or offensive manner, which is required for battery. Under that version of events, defendant was not guilty of either lewd conduct or battery.
Thus, as to each of the three alleged acts on which the prosecution relied, the jury could have found defendant guilty of the charged crime of lewd conduct, or it could have found defendant not guilty of either lewd conduct or battery, but it could not have found that defendant committed only battery but not lewd conduct. The trial court therefore was not required to instruct the jury, on the court’s own initiative, on the lesser offense of battery.
Werdegar, J., concurred.
Appellant’s petition for a rehearing was denied February 24, 2014, and the opinion was modified to read as printed above.