Filed 5/7/14  P. v. Therien CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C074126 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 62115765/62114926) |
| v. | |
| RANDALL JOSEPH THERIEN, | |
| Defendant and Appellant. | |

Defendant Randall Therien was found guilty of both stalking and stalking with a prior conviction in one case and of two counts of evading a police officer in a second, unrelated case.  He was sentenced consecutively in the two cases.  On appeal, he contends the trial court committed reversible error in the stalking case by admitting as evidence unsent note cards and a shoebox found in his residence because they were not relevant.  He also contends that stalking is a lesser included offense of stalking with a prior conviction and he could not be convicted of both.  Additionally, he contends when

1

two or more cases are sentenced consecutively, a prior prison term enhancement can be imposed only once.

Defendant is correct that the evidence should not have been admitted, but its admission was harmless. He is also correct regarding his conviction of the lesser included offense and the prior prison term enhancement. Accordingly, we will reverse the stalking conviction and strike the superfluous prison term enhancements.

FACTUAL AND PROCEDURAL BACKGROUD

Defendant and Kim Anderson, the stalking victim, had known each other for several years when they both attended a barbeque in 2008. After the get-together, defendant persistently expressed his interest in Anderson by sending her several e-mails on a daily basis, sex books, lingerie, cards, and other gifts, even after she told him to stop. Defendant's attentions terrified Anderson, and in 2009 he was convicted and sent to prison for stalking her.

Defendant was released in 2011. In 2012, he reinitiated contact with Anderson by sending her two letters, flowers, and a CD. His letters, for the first time, contained references to guns, explosions, and knives. Defendant referred to a sharpshooter, a .50-caliber gun versus a grapefruit in relation to somebody's head, his .22-caliber gun, a loud 4th of July, and a "[c]ritical red state of emergency," amongst other comments. The return address on one envelope said " '[t]ake very seriously.' " The CD he sent her included, among other items, a photograph of defendant, a file entitled "Heart, Love U," a file entitled "Poor Kim," a set of pictures entitled "X-rated copy," and several songs, including one using Anderson's daughter's name as a lyric. Anderson became scared because she did not know what defendant was capable of and was worried about retaliation.

When defendant was arrested in 2012, Placer County Deputy Sheriff Craig Haskell searched his residence. During his search, Deputy Haskell found several unsent note cards with writing on them that seemed to reference Anderson. When Placer County

2

District Attorney investigator Robert Swanson executed a search warrant for defendant's residence, he found a shoebox taped shut with Anderson's name on it and "Top secret issue" in one corner. In the shoebox was a pair of men's underwear, a pink bra, sandals, a Glamour magazine, and a Cosmopolitan magazine. The note cards and the shoe box with its contents were admitted into evidence at the stalking trial over defendant's objections.

Defendant waived jury trial on the prior conviction which the court found to be true. A jury found him guilty of stalking. In a second, unrelated trial, defendant was found guilty of two counts of evading a police officer.

The trial court sentenced defendant to an aggregate of six years and eight months in prison for the two cases. In the stalking case, defendant received the upper term of five years for his conviction of stalking with a prior. Pursuant to Penal Code[1] section 667.5, subdivision (b), (the prior prison term enhancement), the court added an additional year to the sentence, for a combined six years. For count two, the subordinate count of stalking, the court sentenced defendant to eight months to run concurrently with the principal term and then stayed the sentence per section 654.

In the second case, the trial court sentenced defendant to eight months for each count of evading a police officer, to run concurrently. These sentences were to run consecutively to the first case for a total of six years and eight months. The trial court also imposed and stayed *two* one-year prior prison term enhancements on the evading charges.

## DISCUSSION

Defendant argues the trial court committed reversible error when it admitted the unsent note cards and shoebox as evidence because Anderson was unaware of them and

---

[1]     Further section references are to the Penal Code.

3

therefore they were not relevant to the stalking charge. Defendant is correct that the cards and shoebox were not admissible, but the error is harmless. He also argues: (1) his stalking conviction should be reversed because it is a lesser included offense to his conviction of stalking with a prior conviction; and (2) the prior prison term enhancements on the evading police charges should be stricken because an identical enhancement was added to the stalking conviction, but when sentences are imposed consecutively, the enhancement can be imposed only once. Defendant is correct on both of these issues.

I

*The Admission Of The Note Cards And Shoebox Was Error*

"Only relevant evidence is admissible." (*People v. Crittenden* (1994) 9 Cal.4th 83, 132.) "The trial court has broad discretion in determining the relevance of evidence [citations] but lacks discretion to admit irrelevant evidence." (*People v. Scheid* (1997) 16 Cal.4th 1, 14.) "The test of relevance is whether the evidence tends 'logically, naturally, and by reasonable inference' to establish material facts such as identity, intent, or motive." (*People v. Garceau* (1993) 6 Cal.4th 140, 177.)

To be relevant, the unsent note cards and the shoebox had to help establish a material fact relating to the stalking charge. The relevant portion of section 646.9 provides:

"(a) Any person who willfully, maliciously, and repeatedly follows or willfully and maliciously harasses another person and who makes a credible threat *with the intent to place that person in reasonable fear for his or her safety, or the safety of his or her immediate family* is guilty of the crime of stalking . . . .

"[¶] . . . [¶]

"(e) For the purposes of this section, 'harasses' means engages in a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, torments, or terrorizes the person, and that serves no legitimate purpose.

4

"(f) For the purposes of this section, 'course of conduct' means two or more acts occurring over a period of time, however short, evidencing a continuity of purpose. Constitutionally protected activity is not included within the meaning of 'course of conduct.' " (Italics added.)

In *People v. Norman* (1999) 75 Cal.App.4th 1234, the court held the defendant's conduct and the victim's fear did not have to occur contemporaneously, but the victim must have learned about the defendant's conduct at some time and suffered the requisite fear for his own safety and the safety of his family. (*Id.* at pp. 1240-1241.) "[W]e agree with Norman that the victim must become aware of the stalker's conduct--because, without awareness, the victim could not suffer the emotional distress that is an element of the crime . . . ." (*Id.* at p. 1241.) "The result is the stalking statute prohibits a course of conduct directed at a specific person that a reasonable person would consider as seriously alarming, seriously annoying, or seriously tormenting a reasonable person." (*People v. Ewing* (1999) 76 Cal.App.4th 199, 208.) (Italics omitted.) A reasonable person cannot find a course of conduct alarming, annoying, or tormenting if she is unaware of it. Without knowledge of the conduct, a victim cannot experience fear and the elements of the crime of stalking are not met.

The People argue the note cards and shoebox were relevant to defendant's intent because they reference Anderson. For a conviction of stalking, defendant must have intended to cause fear. But since Anderson was unaware of the note cards and shoebox, they could not, and did not, cause her fear. The People cannot show intent to cause fear with evidence of items never brought to the victim's attention and therefore incapable of causing her fear.

For the note cards and shoebox to be relevant they would have to be probative of defendant's intent behind those items he *did* send to Anderson. They are not. Things that defendant chose *not* to send to Anderson do not have any tendency to show that the

things he *did* send her were intended to cause fear, just because her name was on the box and the cards he did not send.

The People also argue the note cards and shoebox are probative of defendant's " 'course of conduct' " toward the victim. To harass the victim, defendant had to engage in a course of conduct, defined as two or more acts directed at a specific person, which seriously alarms, annoys, torments, or terrorizes that person. (§ 646.9, subds. (e) & (f).) Without being sent to the victim, these items cannot be part of a "course of conduct directed" to the victim as required by the statute. Nor could these unsent items constitute evidence of intent to engage in a course of conduct. They are irrelevant to defendant's course of conduct as it relates to the definition of stalking.

II

*The Admission Of The Irrelevant Evidence Was Harmless*

Defendant argues the admission of the note cards and shoebox was reversible error because there was no other evidence of a credible threat. Defendant is wrong.

The trial court's error in admission of evidence is evaluated under the *Watson*[2] standard. (*People v. Avitia* (2005) 127 Cal.App.4th 185, 193.) We must "determine whether it was 'reasonably probable that a result more favorable to defendant would have resulted' " had the challenged evidence not been admitted. (*People v. Williams* (2009) 170 Cal.App.4th 587, 612.) In this case, even excluding the note cards and shoebox, there was still an abundance of evidence to support defendant's conviction. Defendant had already been convicted of this exact crime, against the same person. Evidence from his first conviction was admitted. After he was released in 2011, he reinitiated contact with Anderson through letters that, for the first time, contained references to guns and weapons, which could easily be considered a threat. Defendant also mailed her a CD

---

[2]     *People v. Watson* (1956) 46 Cal.2d 818.

6

which contained, among other items, a photograph of defendant, a file entitled "Heart, Love U," a file entitled "Poor Kim," a set of pictures entitled "X-rated copy," and a song that referenced her daughter.  Anderson did not know what defendant was capable of and was scared of retaliation for the time he spent in prison.

Considering the above and the other evidence presented at trial, there is no question that the escalation of violent references in the letters, which resulted in the fear of retribution, constituted a credible threat.  While the shoebox and cards were not helpful to defendant, the other properly admitted evidence was more than sufficient for a conviction.  Allowing the note cards and shoebox into evidence was error but the error was harmless.

### III

### *Defendant's Stalking Conviction Should Be Reversed.*

Defendant argues his conviction of stalking should be reversed because it is a lesser included offense to his conviction of stalking with a prior.  The People agree.  The People and defendant are correct.

" '[I]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.'  [Citation.]  In such cases, a defendant may not be convicted of both the greater and the lesser offense." (*People v. Milward* (2011) 52 Cal.4th 580, 585.)  Defendant was convicted of both stalking and stalking with a prior conviction.  The only difference between the two is the prior conviction.  (§646.9, subds. (a) & (c)(2).)   Stalking with a prior cannot be committed without committing the stalking offense and thus stalking is a lesser included offense.  Therefore the stalking conviction must be reversed.

### IV

### *The Prison Term Enhancements In The Evading Case Must Be Stricken*

Defendant argues the prior prison term enhancements imposed in the evading case must be stricken rather than stayed because this enhancement applies only once to a

single aggregate sentence.  The People agree.  The People and defendant are again correct.

The trial court imposed a prior prison term enhancement in both the stalking case and the evading case (in which it imposed two).  The sentences for the two cases were imposed consecutively, creating one aggregate term, and the enhancements were stayed for the evasion conviction.  "Prior prison term enhancements are status enhancements which can be imposed only once, on the aggregate sentence."  (*People v. Edwards* (2011) 195 Cal.App.4th 1051, 1060.)  The court erred in imposing and staying two prior prison term enhancements separately in the evading case.  They must be stricken.

## DISPOSITION

Defendant's conviction of stalking is reversed and the two prior prison term enhancements in the evading case are stricken.  As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a copy of the amended abstract to the Department of Corrections and Rehabilitation.


       ROBIE       , Acting P. J.


We concur:


       BUTZ       , J.


       HOCH       , J.