Filed 11/27/24  P. v. Hopkins CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br>v.<br>LONNIE HOPKINS, JR.,<br><br>       Defendant and Appellant. | A169840<br><br>(Contra Costa County<br>Super. Ct. No. 01001875632) |

Lonnie Hopkins, Jr., appeals from a trial court order denying his petition for resentencing under Penal Code section 1172.6.[1]  He claims the court erred by concluding he was ineligible for relief because he pled no contest to voluntary manslaughter after the effective date of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), meaning that when he entered his plea he could no longer be prosecuted for murder based on the theories of imputed malice the legislation invalidated.  We affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

An October 2018 complaint charged Hopkins with four felonies allegedly committed in March 2017, a week before he turned 18 years old.  He was charged with one count of murder of Demarcus Doss, one count of

_____

[1] All further statutory references are to the Penal Code.

attempted murder of another victim, one count of shooting at an occupied motor vehicle, and one count of street terrorism.[2] Gang and firearm enhancements were also alleged in connection with the first three counts.[3] Little information about the underlying facts appears in our record.

In October 2019, under a plea agreement, Hopkins pled no contest to a newly added count of voluntary manslaughter and accompanying gang-enhancement allegation.[4] In exchange, the remaining counts were dismissed, and he was sentenced to 13 years in prison.

Three years later, in April 2023, Hopkins filed a petition for resentencing under section 1172.6. He checked boxes indicating that (1) a charging document was filed "that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine[,] or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine"; (2) he "accepted a plea offer in lieu of a trial at which [he] could have been convicted of murder or attempted murder"; and (3) he "could not presently be convicted

---

[2] The charges were brought under sections 187, subdivision (a) (murder), 664 and 187, subdivision (a) (attempted murder), 246 (shooting at occupied vehicle), and 186.22, subdivision (a) (street terrorism).

[3] The gang enhancements were alleged under section 186.22, subdivision (b)(4) (attempted murder and shooting at occupied vehicle) and (5) (murder). The firearm enhancements were all alleged under section 12022.53, subdivisions (b) and (e) (personal use of firearm), (c) and (e)(1) (personal and intentional discharge of firearm), and (d) and (e)(1) (personal and intentional discharge of firearm causing great bodily injury or death).

[4] The voluntary-manslaughter conviction was under section 192, subdivision (a), and the gang enhancement was under section 186.22, subdivision (b)(1)(C).

of murder or attempted murder because of changes made to [sections] 188 and 189, effective January 1, 2019."

The trial court appointed counsel to represent Hopkins, and the parties filed briefing. The People argued that because Hopkins entered his plea after the changes to the law of murder made by Senate Bill No. 1437 took effect, on January 1, 2019, he was ineligible for resentencing under section 1172.6 as a matter of law. Hopkins responded that his petition fulfilled the pleading requirements for demonstrating a prima facie case for relief. Although recognizing he entered his plea after Senate Bill No. 1437 took effect, he noted that the plea occurred prior to the enactment of Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill No. 775), which clarified that relief under section 1172.6 is available to those convicted of attempted murder or manslaughter.

After a hearing, the trial court denied Hopkins's resentencing petition for failure to make a prima facie showing of entitlement to relief. The court concluded that once Senate Bill No. 1437 took effect, 10 months before Hopkins entered his plea, the prosecution could no longer proceed under any theory of imputed malice the legislation invalidated. The subsequent enactment of Senate Bill No. 775 did not change the analysis, for while that bill now permitted defendants convicted of voluntary manslaughter to seek relief, it did not eliminate any other theories of murder that were still valid when Hopkins entered his plea.

## II.
### DISCUSSION

Hopkins claims that the trial court erred by concluding he was ineligible for relief under section 1172.6 as a matter of law. We are not persuaded.

3

Effective January 1, 2019, Senate Bill No. 1437 amended sections 188 and 189 to limit liability for murder under the doctrines of felony murder and natural and probable consequences and enacted former section 1170.95, now section 1172.6, to permit a petitioner convicted of murder on an invalidated theory to seek resentencing. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 223; *People v. Lezama* (2024) 101 Cal.App.5th 583, 587 (*Lezama*).) "Based on language in the original enactment, some courts confronted with eligibility questions concluded resentencing was limited to those who had been convicted of murder. [Citations.] Defendants convicted of attempted murder or manslaughter were deemed by those courts to be ineligible. [Citations.] [¶] . . . Believing the attempted murder or manslaughter eligibility determinations made by courts to be contrary to legislative intent and the purpose behind the statutory amendments, the Legislature passed Senate Bill No. 775 . . . . Effective January 1, 2022, it made amendments to '[clarify, among other things,] . . . that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' " (*Lezama*, at pp. 587–588, quoting Stats.2021, ch. 551, § 1, subd. (a).)

In relevant part, section 1172.6 currently provides that "[a] person convicted of . . . manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's . . . manslaughter conviction vacated and to be resentenced on any remaining counts when all the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine[,] or other theory under which malice is imputed to a

4

person based solely on that person's participation in a crime . . . . [¶] (2) The petitioner . . . accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

To obtain resentencing, a defendant must file a petition "containing a declaration that all requirements for eligibility" under section 1172.6, subdivision (a), are met. (*People v. Strong* (2022) 13 Cal.5th 698, 708; § 1172.6, subd. (b)(1)(A).) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.] If, instead, the defendant has made a prima facie showing of entitlement to relief, 'the court shall issue an order to show cause' " and conduct other proceedings as necessary. (*Strong*, at p. 708; § 1172.6, subds. (c)–(d).)

A trial court may deny a section 1172.6 petition "at the prima facie stage only if 'the petition and record in the case establish *conclusively* that the defendant is ineligible for relief' as a matter of law." (*People v. Gallardo* (2024) 105 Cal.App.5th 296, 301, quoting *People v. Strong, supra*, 13 Cal.5th at p. 708.) We review de novo an order denying a petition on this basis. (*Gallardo*, at p. 301.)

In *Lezama*, the Fourth District Court of Appeal addressed the same issue we confront here: whether a defendant who was charged with murder before Senate Bill No. 1437 was enacted but entered a plea to voluntary

manslaughter after the legislation took effect is eligible for resentencing. (*Lezama*, *supra*, 101 Cal.App.5th at pp. 585–586.) *Lezama* determined that the third requirement for resentencing eligibility—that the defendant "could not presently be convicted of murder" due to Senate Bill No. 1437's changes to the law (§ 1172.6, subd. (a)(3))—was ambiguous, because the word "presently" could imply a "temporal point of contrast" with either the time of charging or the time of conviction. (*Lezama*, at pp. 588–589.) The Fourth District then relied on the legislative history of Senate Bill No. 775 to conclude that "the Legislature's aim in the manslaughter context was to make relief available to defendants who were convicted by plea or trial at a time when the prosecution could have pursued a murder charge, but the only way of doing so would have been a now invalid theory of imputed malice. Thus, in the manslaughter plea context, the most reasonable reading of the third criterion for establishing resentencing eligibility is that at the time of conviction—i.e., at the time the plea was entered—the only way to a murder conviction was through an imputed malice theory." (*Lezama*, at p. 590.) As a result, a defendant who entered a plea to manslaughter "at a time when imputed malice theories had already been statutorily eliminated" was ineligible for resentencing as a matter of law. (*Ibid.*)

Recently, the Fifth District Court of Appeal followed *Lezama* in also concluding that a defendant charged before Senate Bill No. 1437 took effect but convicted of voluntary manslaughter after the legislation's effective date was not entitled to relief under section 1172.6. (*People v. Gallegos* (2024) 105 Cal.App.5th 434, 439, 442–443.) Similarly, in a case that preceded *Lezama*, the Fifth District also held that a defendant who pled no contest to second degree murder after Senate Bill No. 1437 took effect was ineligible for relief because he was convicted when "the now invalid theories of murder

6

liability had already been eliminated.  Consequently, [he had] already received the benefits of Senate Bill No. 1437." (*People v. Reyes* (2023) 97 Cal.App.5th 292, 296, 298.)

Hopkins contends that *Lezama* and related authority holding that "the mere fact that a plea was entered after January 1, 2019[,] renders an individual ineligible for relief" are inapposite because they did not address two ways in which the law remained unsettled after that date.  First, citing *People v. Lippert* (2020) 53 Cal.App.5th 304, he claims that when he entered his plea, "courts had been ruling that [Senate Bill No.] 1437 was unconstitutional."  It is true that some trial courts, like the one whose ruling was reversed in *Lippert*, had held that the legislation was unconstitutional.  But Hopkins does not point us to any appellate decisions holding the same, much less any that so held before he entered his plea.  We decline to conclude that Senate Bill No. 1437's constitutionality was unsettled merely because no published decision had yet affirmatively declared that it *was* constitutional.  (See *People v. Prado* (2020) 49 Cal.App.5th 480, 484 [legislative acts, including Senate Bill No. 1437, are presumed to be constitutional].)

Second, Hopkins claims that "[w]hether or not the natural and probable consequences theory continued as a valid theory to support a second degree murder conviction remained unsettled" until the Supreme Court decided *People v. Gentile* (2020) 10 Cal.5th 832, in December 2020.  True, *Gentile* held that Senate Bill No. 1437 "bars a defendant from being convicted of second degree murder under a theory that the defendant aided and abetted a crime, the natural and probable consequence of which was murder."  (*Gentile*, at p. 843.)  But the Attorney General conceded the issue in *Gentile*, and Hopkins again fails to identify any appellate authority holding that such a theory of liability *did* survive after Senate Bill No. 1437 (besides the unpublished

7

Court of Appeal decision that *Gentile* reversed). (*Gentile*, at pp. 842–843, 860.) Again, we decline to conclude that Senate Bill No. 1437's elimination of the natural and probable consequences doctrine as applied to murder was unclear when Hopkins entered his plea merely because no decision had yet squarely held that.

Finally, Hopkins raises a puzzling argument under Senate Bill No. 775. According to him, until this bill extended "the vicarious liability amendments of [Senate Bill No.] 1437" to manslaughter, "the government could secure a conviction of a lesser offense based on the same imputed malice theory or theories which led to [a] murder charge in the first place. The theories invalid for murder were simply shifted to manslaughter—an offense not originally encompassed within the new laws." Thus, he reasons, he could have entered a plea to voluntary manslaughter "as a lesser included offense" of "an unlawful killing with malice," meaning his conviction "could be based on evidence that would have originally supported a conviction" for murder on one of the theories Senate Bill No. 1437 abolished.

But as Hopkins recognizes, voluntary manslaughter is defined as an unlawful homicide *without* malice. (§ 192; *People v. Milward* (2011) 52 Cal.4th 580, 587.) Thus, Senate Bill No. 1437's prohibition of murder liability based on theories of imputed malice did not alter which theories may support a conviction of voluntary manslaughter. In amending former section 1170.95 to clarify that defendants convicted of voluntary manslaughter were not barred from seeking resentencing, Senate Bill No. 775 did not substantively change the law of that crime. Instead, it expanded the resentencing statute's reach to any defendant "who was convicted of manslaughter when the prosecution was allowed to proceed on a theory of felony murder or murder under the natural and probable

8

consequences doctrine." (Legis. Counsel's Dig., Sen. Bill No. 775, Stats.2021, ch. 551.) And as already explained, when Hopkins entered his plea, the People could *not* prosecute him for murder under any invalidated theory of imputed malice because Senate Bill No. 1437 had already taken effect. In short, the trial court properly concluded that he is ineligible for relief under section 1172.6.

## III.
### DISPOSITION

The order denying Hopkins's petition for resentencing under section 1172.6 is affirmed.

_____

Humes, P. J.

WE CONCUR:

_____

Banke, J.

_____

Langhorne Wilson, J.

*People v. Hopkins*  A169840