Filed 3/11/15  P. v. Harris CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KWAME HARRIS,<br><br>        Defendant and Appellant. | A140593<br><br>(San Mateo County<br>Super. Ct. No. SC076832A) |

## INTRODUCTION

This appeal is from a judgment after a jury trial.  It is authorized pursuant to Penal Code section 1237.[1]  Defendant challenges the trial court's decision to instruct on lesser included offenses and the fact the trial court imposed sentence on all the lesser offenses for which the jury found guilt.  We agree that certain imposed sentences were improper in light of the jury's verdict.  We otherwise affirm the judgment in this case.

## STATEMENT OF THE CASE

On November 5, 2012, the district attorney of San Mateo County filed an information charging defendant with inflicting corporal injury resulting in a traumatic condition upon his former cohabitant, Dimitri Geier (§ 273.5, subd. (a); count 1), and committing an assault by means of force likely to cause great bodily injury upon Dimitri Geier (§ 245, subd. (a)(4); count 2).  The information alleged as to each count that defendant, under circumstances involving domestic violence, personally inflicted great

---

[1] All statutory references are to the California Penal Code unless otherwise specified.

bodily injury (§ 12022.7, subd. (e)) and that the offenses were serious felonies (§ 1192.7, subd. (c)(8)).

On November 4, 2013, a jury acquitted defendant of both felony counts. However, as to count 1, the jury found defendant guilty of the lesser included misdemeanor offenses of battery against a person with whom he previously had a dating relationship (§ 243, subd. (e)(1)), simple battery (§ 242) and simple assault (§ 240). As to count 2, the jury found defendant guilty of the lesser included offense of simple assault.

On December 20, 2013, the court suspended imposition of sentence and placed defendant on probation for three years. As a condition of probation, the court ordered him to serve five days in the county jail.

Defendant filed a timely notice of appeal on December 26, 2013.

## STATEMENT OF FACTS

The prosecution presented evidence that, for six years, defendant was an offensive tackle in the National Football League. Before that, defendant played football at Stanford University, as well as four years of high school football before enrolling at Stanford. While he was a professional player, defendant's weight ranged between 290 to 315 pounds. He regularly blocked opposing players weighing between 220 to 300 pounds.

Commencing in 2005, defendant and Geier engaged in a romantic relationship for a period of five years. For the last six months of the relationship, the two men lived together at defendant's home in Napa. They remained friends after they split up.

In August 2012, Geier came to Northern California for work and to visit with defendant. At this time, defendant was six feet seven inches tall and weighed between 230 to 260 pounds. Geier was six feet two inches tall and weighed 205 pounds.

On the last day of the visit, the defendant agreed to take Geier to the San Jose airport so he could return to Southern California. Before arriving at the airport, the two men went to dinner at a restaurant. An argument arose between them over Geier's

2

pouring soy sauce into a dish defendant believed was his personal dish. Defendant became enraged over the act, claiming Geier lacked manners and common courtesy. The yelling went on for several minutes. To avoid further embarrassment, Geier advised defendant his plane was leaving in a couple of hours and he was going to take a taxi to the airport. He wanted defendant to apologize for his outbursts. Defendant agreed it would be best for Geier to take a taxi to the terminal. Defendant got up and walked away.

Shortly after he left, defendant returned and advised Geier that his bags were in defendant's car, and if Geier did not come and retrieve them, defendant would leave them on the street. Geier and defendant got up and left the restaurant together, with Geier slightly in the lead. As the men walked to the car, defendant accused Geier of wearing defendant's underwear. While this was an occasional practice when the two were in a dating relationship, on this date Geier was not wearing defendant's undergarments. Geier ignored the allegation. However, defendant turned and grabbed at Geier's pants, trying to pull them down to see if his guest was in fact wearing his clothing. Though Geier grabbed at defendant's hands, defendant succeeded in pulling down Geier's pants a few inches.

Defendant then shoved Geier against a wall. Geier pushed back to get away from defendant's grasp. Defendant then slapped Geier across the face with considerable force. As defendant moved towards Geier, the latter swung to hit him. Defendant grabbed Geier's wrist, preventing contact. The two men tussled and defendant ripped Geier's shirt. Defendant also slapped Geier's face a few more times.

The struggle continued with Geier hitting defendant in the face. This triggered more anger from defendant, and he landed several strong blows to Geier's face. Two were just below Geier's left cheekbone.

3

As a result of these last blows, Geier became unsteady and disoriented. Defendant ran to his car, grabbed Geier's bags out of the trunk, and threw them in the street. Defendant then drove away.

With defendant gone, Geier took a shirt out of his bag to replace the torn garment. He called for a taxi but, as he drove, the pain became substantial and he asked the driver to take him to the closest hospital. At the facility, X-rays disclosed Geier had three fractured bones around an eye and the cheek. Geier reported the incident to police while receiving treatment at the hospital. The morning after the incident, Geier flew to Southern California. Two days later, he had surgery and a metal plate was placed in the area of the fractures.

Eventually, Geier sued defendant over the incident. The civil claim was later dismissed, and Geier refused to testify at the criminal trial in this matter. However, a transcript of Geier's testimony at the preliminary hearing was used at the trial when he refused to testify in person.

The prosecution also presented testimony from an expert in domestic violence. The expert related that victims of domestic violence are likely to remain loyal to the former partner and refrain from cooperating with the prosecution.

Defendant also testified at his trial. He confirmed the two argued over Geier's pouring soy sauce in a plate, claiming Geier had poor table manners. Defendant believed Geier became very upset when told he had to take a taxi to the airport. As defendant got up to go to his car, he told Geier to follow if he wanted his bags. This further upset Geier.

While defendant proceeded to his car, he recalled Geier often wore his (defendant's) underwear. After inquiring whether Geier presently had on defendant's undergarments several times without a reply, defendant pulled up Geier's shirt to see the waistband of Geier's underwear. Geier punched back at defendant, who then slapped Geier in the face, telling him not to hit back. When he was slapped, Geier went "berserk"

4

and threw punches at defendant. Defendant tried to restrain Geier by grabbing his shirt. While Geier was swinging wildly at him, defendant managed to land at least one punch to the face. The two men then stopped fighting and walked to defendant's car, where defendant unloaded the bags and then drove away. Defendant testified he suffered a cut lip as a result of Geier's hit to the face.

On August 22, 2012, the morning after this incident, Menlo Park police came to defendant's residence at 4:00 a.m. They placed him under arrest for the incident. They advised defendant Geier had sustained fractures to his face, which defendant did not believe was true. Defendant only related his version once he was told of the nature of Geier's injuries.

Officer Adair of the Menlo Park Police Department, one of the arresting officers, checked out defendant's chest, face, and hands for evidence of injury or fighting. He saw no marks or bruises.

## ANALYSIS

Defendant contends the trial court erred when it instructed the jury on the lesser included offenses, misdemeanors he claims were barred by the statute of limitations. His claim regarding the statute of limitations is predicated on the contention the offense took place more than one year before the misdemeanor crimes were "alleged"—i.e., first presented as criminal conduct—when the jury was presented with these offenses as lesser offenses. He suggests, through his trial and appellate counsel, that the failure to officially *charge* the misdemeanor lesser offenses within a year of occurrence precluded instructing the jury on the potential of misdemeanor lesser included offenses. The argument simply disregards the legal impact of the prosecutorial decision to file an appropriate complaint and then an information in a timely fashion. Hence there can be no misdemeanor statute of limitations violation.

Simply put, the filing of an information begins the prosecution not only for the charged felony offenses, but for all *uncharged* lesser included crimes as well. Under

5

section 1159, trial courts have a legislative mandate to instruct not only on charged offenses, but also those lessers which are included within the elements of the charged crime. "The jury . . . may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is being charged, or of an attempt to commit the offense." (§ 1159.) "When an [information] alleges a particular offense, it thereby demonstrates the prosecution's intent to prove all the elements of any lesser necessarily included offense. Hence, the stated charge notifies the defendant, for due process purposes, that he must also be prepared to defend against any lesser offense necessarily included therein, even if the lesser offense is not expressly set forth in the indictment or information. [Citations.] The statutory law of California explicitly provides that the defendant may be found guilty 'of any offense, the commission of which is *necessarily included* in that with which he is charged.' " (*People v. Birks* (1998) 19 Cal.4th 108, 118; see also § 804, subd. (a).) It has been stated repeatedly that trial courts, even without a defense request and even over defense objection, must instruct on lesser included offenses if substantial evidence indicates a defendant may be guilty only of the lesser. (*Ibid.*) This statutory rule ensures the fact finder will be exposed to the full range of verdict options which, by operation of law and with full notice to both parties, are presented in the *accusatory pleading itself*, and that are closely and openly connected to the case. (*People v. Barton* (1995) 12 Cal.4th 186, 196, 203-204.) The courts have a sua sponte duty to instruct regarding lesser included offenses because neither the defendant nor the People have a right to incomplete instructions. (*Id.*, at p. 204.) In fact, lesser included offenses, by definition, are rarely if ever charged in the complaint or information, but arise based on the facts presented in the trial by the evidence. Defendant's contention, if correct, would routinely preclude misdemeanor lessers because of the statute of limitations. This would take the lesser option off the table and inure to the detriment of the accused in many cases. It would also chill the fact finder's

6

authority to fully consider the incident on trial. The lack of historical precedent for defendant's position here only confirms the folly of his position.

In this case, defendant was arrested on August 22, 2012. The information here was filed on November 5, 2012, less than three months after the incident. The misdemeanors of which defendant was convicted were clearly lesser and included offenses within the scope of the charged crimes of domestic violence and aggravated assault.

Importantly, in this appeal, defendant does not claim the evidence supporting his conviction of lesser included misdemeanors is insufficient.[2] He only contends the court's instruction on the lesser offenses—a trial court obligation mandated by statute—served as the first "public" announcement to the accused of these crimes for purposes of the statute of limitations. That contention has no validity, as we have explained above.

In his brief and at oral argument, defendant argued the act of touching Geier's clothing, which may have occurred inside the restaurant, was a separate and distinct act from the course of conduct that occurred outside the restaurant. As counsel explained at oral argument, while multiple sets of factual bases legitimately could have led to defendant's misdemeanor convictions, any conviction premised on a factual scenario involving a touching of Geier's clothing inside the restaurant violated the statute of limitations for misdemeanors. Since the general verdict does not reveal the act or acts upon which the jury predicated its verdicts, reversal is required. (*People v. Swain* (1996) 12 Cal.4th 593, 607.) He argues the trial court's giving of a unanimity instruction (CALCRIM No. 3500) arguably demonstrates there were separate, severable acts rather than a continuous course of conduct, because a unanimity instruction is not required

---

[2] Along with his decision not to challenge sufficiency of the evidence in his motion to dismiss and in this appeal, defendant has not raised any issue of self-defense or defense of property. The jury was instructed on self-defense and defense of property and the law assessing these particular legal issues contained in CALCRIM Nos. 3470, 3472, and 3476.

when the offense constitutes a continuous course of conduct. (*People v. Maury* (2003) 30 Cal.4th 342, 423.)

We view the conduct charged in this case as a continuing act of domestic violence and assault. The event was triggered by the spat in the restaurant and continued to outside the location, up to the tossing of Geier's belongings on the ground. The argument continued during this time, and the physical blows to the victim happened within this period. There was no clear break in the incident. In the motion to dismiss, the district attorney contended this was a continuing act limited both by time and location; hence it was a single offense. In denying the motion to dismiss, the court impliedly adopted this position.

It is true the trial court was not required to, but nevertheless did, give a unanimity instruction. The jury was instructed pursuant to CALCRIM No. 3500. They were told: "As to counts 1 and 2, [t]he People have presented evidence of more than one act to prove that the defendant committed these offenses. You must not find the defendant guilty unless you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act he committed." The fact a favorable instruction was given in an abundance of caution does not demonstrate the court erred in giving lesser included offense instructions or concluding the touching of Geier's clothing inside or outside the restaurant was part and parcel of the assaultive conduct with which defendant was charged. The lesser included misdemeanor offenses encompassed the same conduct that was the predicate for the felony counts in the information: domestic violence and aggravated assault. A crime is a lesser included offense of the greater crime only if it is impossible to commit the greater crime without also committing the lesser. (*People v. Milward* (2011) 52 Cal.4th 580, 586.) The trial court did not violate the statute of limitations for misdemeanors, or defendant's constitutional rights, by instructing the jury on misdemeanor lesser included offenses of the charged felonies, or by denying defendant's posttrial motion to dismiss. Therefore,

8

there is no basis for the application of the *Green-Guiton* rule. (*People v. Green* (1980) 27 Cal.3d 1, 69, overruled on other grounds in *People v. Martinez* (1999) 20 Cal.4th 225, 241; *People v. Hall* (1986) 41 Cal.3d 826, 834, fn. 3; *People v. Guiton* (1993) 4 Cal.4th 1116, 1128-1129; see also *People v. Swain, supra*, 12 Cal.4th 593, 607.)

In his brief, defendant criticizes the prosecution for its argument to the jury the touching of Geier's shirt by defendant supported the lesser offenses because this act was separate from the behavior that took place when defendant punched Geier in the face outside the restaurant. However, defendant failed to object at the time the district attorney made the contention to the jury, or ask the court to admonish the jury to disregard it. He therefore forfeits the claim on appeal because of this omission. (*People v. Whalen* (2013) 56 Cal.4th 1, 52.)

Besides finding waiver, we also conclude the prosecutor's contention the tugging on the shirt amounted to battery sufficient to sustain the lesser offenses was harmless error. It is not reasonable to conclude a different result would have taken place without the misconduct alleged by the district attorney. (*People v. Watson* (1956) 46 Cal.2d 818, 835, 836.) The evidence establishes defendant both slapped and also punched Geier in the face, injuring the bones around the eye socket. We believe there is no reasonable probability the jury would have reached more favorable verdicts had the prosecutor not made the challenged remarks. Indeed, the jury's verdict reflects an indicia of lenity and compromise by their settling on the lesser, and not the greater, offenses in their verdict. This "compromise" does not upset the validity of the verdict here. (*People v. Abilez* (2007) 41 Cal.4th 472, 513.)

We do find, regarding count 1, defendant may only be sentenced for one offense, not the three for which he was sentenced. One may not be convicted of multiple lesser included offenses that are also lesser included offenses of each other. (*People v. Eid* (2014) 59 Cal.4th 650, 656, 660-661.) Simple assault (§ 240) and simple battery (§ 242) are both lesser included offenses of battery against a person with whom defendant

9

previously had a dating relationship (§ 243, subd. (e)(1)). Therefore, defendant's conviction for simple battery and simple assault in count 1 must be stricken. (*People v. Sanders* (2012) 55 Cal.4th 731, 736.) "When a defendant is found guilty of both a greater and necessarily included lesser offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed." (*Ibid.*)

## DISPOSITION

In conclusion, we affirm the judgment as to defendant's conviction in count 1 for a violation of section 243, subdivision (e)(1), and his conviction in Count 2 for a violation of section 240, both lesser and included offenses of the felonies charged in the two counts. We strike the convictions for simple assault and simple battery in Count 1 because the conviction of section 243, subdivision (e)(1) is the greater of the lesser included offenses. In all other respects the convictions are affirmed.

_____

Dondero, J.

We concur:


_____

Humes, P.J.


_____

Banke, J.