Filed 11/21/24  P. v. Dupclay CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAMION JAMES DUPCLAY,<br><br>    Defendant and Appellant. | B332450<br><br>(Los Angeles County<br>Super. Ct. No. MA083894-01) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Brian C. Yep, Judge.  Reversed and remanded with directions.

Ryan Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jonathan J. Kline and Charles Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted defendant Damion J. Dupclay of battery and assault on a correctional officer during defendant's confinement in state prison. Defendant argues assault is a lesser included offense of battery, and that his assault conviction must therefore be reversed. He also asks that we review the trial court's ruling on defendant's *Pitchess*[1] motion to discover relevant portions of the victim prison guard's personnel file. We agree that defendant's conviction for assault must be reversed. With respect to defendant's *Pitchess* motion, we remand to the trial court for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant was an inmate in the administrative segregation unit at the California State Prison, Los Angeles. When an inmate in a neighboring cell requested a shower, defendant's cell was opened by mistake. Defendant exited his cell, advanced on Correctional Officer Ryan Eckler, and punched Officer Eckler's face. Officer Eckler restrained defendant and held him on the ground until other officers arrived and handcuffed defendant.

An amended information charged defendant with battery on a non-confined person by a prisoner (Pen. Code, § 4501.5; count 1)[2] and assault by means of force likely to produce great bodily injury while confined in a state prison (§ 4501, subd. (b); count 2). The amended information also alleged defendant had prior convictions of two or more serious and/or violent felonies (§§ 667, subd. (d) and 1170.12, subd. (b)), as well as three aggravating factors under California Rules of Court,

---

[1]    *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

[2]    Further undesignated statutory references are to the Penal Code.

rule 4.421(b)(1)-(3).  Prior to trial defendant filed a motion requesting discovery of potentially relevant information from Officer Eckler's personnel file under *Pitchess.*  The trial court granted the motion as to records relevant to Officer Eckler's honesty, but denied it as to records pertaining to his propensity to violence and to violations of inmates' constitutional rights.

During the in camera *Pitchess* hearing, Jacobo Orellana, a custodian of records for the Department of Corrections and Rehabilitation, and Roxanne Gonzalez, whom the trial court identified as a member of the "Personnel Office" for the Department of Corrections and Rehabilitation, were present. The trial court questioned Orellana and Gonzalez but there is no record that the court itself reviewed any materials.

A jury found defendant guilty as charged on count 1, and of the lesser offense of simple assault, a misdemeanor (§ 240), on count 2.  As to count 1 the jury also found true that defendant's prior convictions were numerous or of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)) and that defendant served a prior prison or jail term (§ 1170, subd. (h)), but not true the allegation that defendant engaged in violent conduct that indicates a serious danger to society (Cal. Rules of Court, rule 4.421(b)(1)).  The trial court sentenced defendant to three years in state prison on count 1 and to six months in county jail on count 2, staying the latter sentence under section 654.

Defendant filed a timely notice of appeal.

## DISCUSSION

### A. Appeal From Conviction for Assault

Defendant is not challenging his conviction for battery; indeed, he testified at trial that he struck Officer Eckler "once or twice."  He contends, and the People concede, that assault is a

3

lesser included offense of battery, meaning defendant could not be convicted of both crimes. This is an issue of statutory construction (*People v. Sanchez* (2001) 24 Cal.4th 983, 988), which we review de novo. (*Carrington v. Starbucks Corp.* (2018) 30 Cal.App.5th 504, 519.)

"[W]here one offense cannot be committed without committing another offense, the latter offense is a necessarily included offense." (*People v. St. Martin* (1970) 1 Cal.3d 524, 536.) Defendant is correct that simple assault is a lesser included offense of battery. "Every completed battery includes an assault, but if the assailant does not go beyond the attempted use of force or violence, then assault has been committed without battery. It follows, therefore, that while simple assault is an offense included within battery, battery is not included within assault." (*People v. Yeats* (1977) 66 Cal.App.3d 874, 878.)

Because simple assault was a lesser included offense of battery, defendant's conviction on count 2 must be reversed. "The law prohibits simultaneous convictions for both a greater offense and a lesser necessarily included within it, when based on the same conduct. [Citation.]" (*People v. Milward* (2011) 52 Cal.4th 580, 589.) Thus, "[a] defendant who commits a battery may not be convicted of both battery and assault" against the same victim. (*People v. Ortega* (1998) 19 Cal.4th 686, 692, overruled on other grounds by *People v. Reed* (2006) 38 Cal.4th 1224, 1228.) "When a defendant is found guilty of both a greater and a necessarily lesser included offense arising out of the same act or course of conduct . . . the conviction of the lesser offense must be reversed." (*People v. Sanders* (2012) 55 Cal.4th 731, 736; accord, *People v. Moran* (1970) 1 Cal.3d 755, 763.)

### B. Appeal From Ruling on Defendant's *Pitchess* Motion

Defendant also asks that we "review the hearing" on his *Pitchess* motion.  We review the trial court's ruling on a *Pitchess* motion for abuse of discretion.  (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228 (*Mooc*) [" 'A trial court's decision on the discoverability of material in police personnel files is reviewable under an abuse of discretion standard' "].)

"A criminal defendant, on a showing of good cause, is entitled to discovery of information in the confidential personnel records of a peace officer when that information is relevant to defend against a criminal charge.  (Pen. Code, § 832.7; Evid. Code, § 1043 et seq.; see *Pitchess*[, *supra,*] 11 Cal.3d 531.)" (*People v. Gaines* (2009) 46 Cal.4th 172, 176.)  "If the defendant establishes good cause, the court must review the requested records in camera to determine what information, if any, should be disclosed.  [Citation.]" (*Id.* at p. 179.)  "The decision maker is the court, not the custodian of records.  (*Mooc, supra*, 26 Cal.4th at p. 1229.)  Accordingly, 'a trial court conducting an in camera review of peace officer personnel records must examine the produced records itself and may not rely on the custodian's assessment of the discoverability of the information contained in the records.'  [Citation.]  Not only should [the trial court] 'examine all of the potentially responsive documents the custodian[ ] produce[s],' it must also 'inquire into what types of documents the custodians opted *not* to produce,' to adequately assess the completeness of the custodian's review and the legitimacy of his or her decision to withhold documents. [Citation.]" (*People v. Gobert* (2023) 89 Cal.App.5th 676, 688.)

Defendant does not address the trial court's order denying his motion to the extent it requested discovery of records relating to violations of constitutional rights or propensity to violence, so any challenge to those categories of records is waived. (*Tisher v. California Horse Racing Bd.* (1991) 231 Cal.App.3d 349, 361 [an issue is waived when not raised in appellant's opening brief].) We limit our review to the trial court's finding that there were no discoverable records relating to Officer Eckler's honesty.

Here, the trial court did not make an adequate record of materials the custodians of records made available for the court's review during the in camera proceedings. Further, the record as it currently stands reveals the court itself did not review any of the potentially responsive materials made available by the witnesses. (*Mooc, supra,* 26 Cal.4th at p. 1231.) Accordingly, we remand for the court to make an adequate record of the potentially responsive materials the custodians of record previously brought for in camera review, to review those materials itself, and to make a finding on the record whether any such materials should have been produced to the defense.[3]

---

[3] Nothing in this opinion prevents the trial court, after reviewing the potentially responsive records, from making a determination about the effect, or lack thereof, of any nonproduction of records that should have been disclosed to the defense.

## DISPOSITION

We reverse the judgment of conviction as to count 2. As to count 1, we remand to the trial court for further proceedings consistent with this opinion.

                                                DAVIS, J.*

WE CONCUR:

BAKER, Acting P. J.

KIM, J.

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6 of the California Constitution.

7