Filed 3/24/25  P. v. Michaux CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083605 |
| v. | (Super.Ct.No. INF2301748) |
| MICHAEL DEFRAN MICHAUX II, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Matthew C. Perantoni, Judge.  Affirmed in part; reversed in part with directions.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and James M. Toohey, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Michael Defran Michaux II of an assault and a battery on his girlfriend. He argues, and the People concede, his conviction of assault must be reversed because it is a necessarily included offense of battery. (Pen. Code, § 954, unlabeled statutory citations refer to this code.) We agree.

## I. PROCEDURAL BACKGROUND AND FACTS

Defendant was involved in a romantic relationship with the victim, living with her and her three children. On September 19, 2023, the victim got off work at 8:00 a.m. and went to a dental appointment. Defendant repeatedly texted her, asking why she was not home and where she was. He accused her of "cheating" and stated, "he would fuck [her] up." She did not respond because he seemed upset, and "he will get more upset and get aggressive."

When the victim returned home, defendant was sleeping in her bedroom and her suitcase and empty trash bags were on the floor in front of the bed. She noticed a strong smell of alcohol or drugs. She was concerned because defendant would get "really aggressive" when under the influence, and he had previously threatened to kill her, put her in a suitcase, and throw her off a mountain. She left the house to meet a friend for breakfast and a movie. While watching the movie, defendant texted her threatening messages and repeatedly called her; she did not answer.

Subsequently, when the victim returned home with her son, defendant stared at her, closed the blinds on the sliding door, and told her she was going to tell him where she had been. She was sitting on the couch and her son was in the dining room. Defendant sat next to her and slapped her face, knocking off her glasses. The victim

2

stood up, and defendant grabbed her by her neck, squeezed it, and said, "I'm not going to feel sorry for you." She was scared because her son was watching and defendant's earlier texts stated he was going to "fuck" her up. When she started to cry, he let go.

The victim grabbed her son and left. While inside her car, she called the police. She drove away as defendant came out of the house and walked toward her car. The victim went to her son's school, parked the car, and spoke with law enforcement. Defendant continued to send threatening text messages.

Defendant was arrested and charged with willful and unlawful infliction of corporal injury resulting in a traumatic condition upon the victim, a cohabitant (§ 273.5, subd. (f)(2), count 1), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4), count 2), making criminal threats (§ 422, count 3), stalking (§ 646.9, subd. (a), count 4), misdemeanor violation of a protective order (§ 166, subd. (c)(1), count 5), and misdemeanor child endangerment (273a, subd. (b), count 6). It was further alleged defendant suffered a prior strike for manslaughter (§§ 192, subd. (a), 667, subds. (c) & (e)(l), 1170.12, subd. (c)(l)) and was subject to the following aggravating factors: being on probation or parole at the time he committed these offenses (Cal. Rules of Court, rule 4.421(b)(4)) and serving a prior prison term (Cal. Rules of Court, rule 4.421(b)(3)).

The jury convicted defendant of the lesser included offense of simple battery (§ 243, subd. (e)(1), count 1), the lesser included offense of simple assault (§ 240, count 2), making a criminal threat, stalking, and violating a protective order.[1] Separately, the trial court found the strike prior to be true. On March 11, 2024, defendant was sentenced to six years in state prison, comprised of a middle term of three years on count 4 (stalking), doubled to six years for the prior strike, and 180 days concurrent on each of counts 1 (battery), 2 (assault), and 5 (violation of protective order); count 3 (making criminal threats) was stayed pursuant to section 654.

## II. DISCUSSION

Defendant contends that simple assault is a lesser included offense of simple battery, meaning he could not be convicted of both crimes. The People agree. The conviction in count 2 should be reversed.

"'While section 654 prohibits multiple *punishment*, it is generally permissible to *convict* a defendant of multiple charges arising from a single act or course of conduct. [Citations.] However, a "judicially created exception to this rule prohibits multiple convictions based on necessarily included offenses. [Citations.]" [Citation.]' [Citation.] [¶] 'In deciding whether multiple conviction is proper, a court should consider only the statutory elements.' [Citation.] 'Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former.' [Citation.] In other words, "'[i]f a crime cannot be

---

[1] The trial court dismissed the charge of misdemeanor child endangerment pursuant to the defense motion under section 1118.1.

4

committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.""' [Citation.]" (*People v. Delgado* (2017) 2 Cal.5th 544, 570; see *People v. Ortega* (1998) 19 Cal.4th 686, 692; *People v. Reed* (2006) 38 Cal.4th 1224, 1227-1229.)

Both parties acknowledge that simple assault is a lesser included offense of battery. "Every completed battery includes an assault, but if the assailant does not go beyond the attempted use of force or violence, then assault has been committed without battery. It follows, therefore, that while simple assault is an offense included within battery, battery is not included within assault." (*People v. Yeats* (1977) 66 Cal.App.3d 874, 878.) Because simple assault is a lesser included offense of battery, defendant's conviction on count 2 must be reversed. (*People v. Milward* (2011) 52 Cal.4th 580, 589 ["The law prohibits simultaneous convictions for both a greater offense and a lesser offense necessarily included within it, when based on the same conduct."]; *People v. Ortega*, *supra*, 19 Cal.4th at p. 692 ["[a] defendant who commits a battery may not be convicted of both battery and assault" against the same victim]; *People v. Sanders* (2012) 55 Cal.4th 731, 736 ["When a defendant is found guilty of both a greater and a necessarily lesser included offense arising out of the same act or course of conduct . . . the conviction of the lesser offense must be reversed."].)

## III.  DISPOSITION

We reverse the judgment of conviction as to count 2 (simple assault).  The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
                                                              Acting P. J.


We concur:


FIELDS
                                         J.
RAPHAEL
                                         J.


6